IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **FERNANDO VALLADARES,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **BLUFISH SUSHI BISTRO, INC.** and | ) |
| **CHUL H. CHOI,** individually | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff, Fernando Valladares, by and through his attorneys, Becerra Law Group, LLC, for his complaint against Blufish Sushi Bistro, Inc. (herein "Blufish") and Chul H. Choi, individually, (herein "Defendants"), states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*. ("FLSA") for Defendants' failure to pay overtime wages to Plaintiff.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. § 216(b).

3. Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

### THE PARTIES

4. Plaintiff Fernando Valladares resides in and is domiciled in this judicial district.

5. Plaintiff is a former employee of Defendants who was employed by Defendants in this judicial district. During the course of his employment, Plaintiff performed non-exempt work

and handled goods that traveled in interstate commerce.

6. Defendant Blufish, is an Illinois corporation doing business within this judicial district. Defendant Blufish is an "enterprise" as defined by Section 3(r)(1) of the FSLA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

7. Defendant Blufish was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d).

8. Defendant Chul H. Choi is the President and owner of Blufish and is involved in the day-to-day business operation of Blufish. Among other things, Defendant Choi has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the corporation's checking accounts, and she makes decisions regarding employee compensation and capital expenditures.

9. Defendant Choi was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d).

10. Defendant Choi resides and is domiciled in this judicial district.

## FACTUAL ALLEGATIONS

11. Defendants operate three Japanese restaurants under the name Blufish Sushi Bistro.

12. Plaintiff is a former buser who worked for Defendants in this judicial district.

13. Plaintiff was denied overtime wages at a rate of one and one half times his regular rate of pay for all hours worked over 40 in a workweek.

14. All three locations share employees, supplies, and jointly advertise their services.

15. Defendant Choi hires and fires employees, she directs and supervises the work of

employees, she signs the corporation's checks, and she makes decisions regarding employee compensation and capital expenditures.

16. Plaintiff previously sued Defendants on January 23, 2015 when he was added to *Hernandez v. Blufish Sushi Bistro, Inc., et al.* 1:14-cv-8555 for Defendants' failure to pay him overtime wages.

17. The Hon. Samuel Der-Yeghiayan dismissed Plaintiff's suit without prejudice in order for Plaintiff Valladares to find new counsel and toll his claims.

18. Plaintiff sought to re-open case number 1:14-cv-8555, but was instructed by the Hon. Samuel Der-Yeghiayan to file a new complaint.

19. Plaintiff seeks overtime wages and penalties for the three years prior to January 23, 2015.

## COUNT I
### Violation of the Fair Labor Standards Act - Overtime Wages

Plaintiff hereby realleges and incorporates paragraphs 1 through 19 of this Complaint, as if fully set forth herein.

20. This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, for Defendants' failure to pay overtime wages to Plaintiffs.

21. Plaintiff worked for Defendants and was "employee" of Defendants as defined by Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1).

22. Defendants were Plaintiff's "employer(s)" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

23. During the course of their employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

24. Plaintiff was directed by Defendants to work, and did work, in excess of 40 hours

per week.

25. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff worked in excess of 40 hours, he is entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay.

26. Defendants did not compensate Plaintiff at a rate of one and one-half times his regular hourly rate of pay for time he worked in excess of 40 hours in individual workweeks.

27. Defendants' failure to pay Plaintiffs overtime wages for time worked in excess of 40 hours per week was a willful violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

WHEREFORE, Plaintiff pray for a judgment against Defendants as follows:

A. A judgment in the amount of one and one-half times Plaintiff'S regular rate for all time Plaintiff worked in excess of 40 hours per week in the three years prior to January 23, 2015;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorney's fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated: April 18, 2016　　　　　　　　**FERNANDO VALLADARES**

By: _/s/Carlos G. Becerra
One of Plaintiff's Attorneys

CARLOS G. BECERRA (ARDC #6285722)
Becerra Law Group, LLC
11 E. Adams St., Suite 1401
Chicago, Illinois 60603
Telephone: (312)957-9005
Facsimile: (888)826-5848
E-mail: cbecerra@law-rb.com